

*Civil 05-1151 (SRC)*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**FEB 2 3 2005**

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1658*

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE MERCK & CO., INC., SECURITIES, DERIVATIVE & "ERISA" LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of fourteen actions listed on the attached Schedule A as follows: eight actions in the Eastern District of Louisiana and six actions in the District of New Jersey. Before the Panel are two motions seeking centralization, pursuant to 28 U.S.C. § 1407, of all – or a subset -- of these actions in a single federal district. Plaintiff in one New Jersey action seeks centralization of the Employee Retirement Income Security Act (ERISA) actions in the District of New Jersey. Merck & Co., Inc. (Merck) initially moved to centralize all actions in the Eastern District of Louisiana, but now seeks centralization of all actions in the New Jersey district;[1] responding Merck affiliated officer and director defendants agree that centralization there is appropriate. Various plaintiffs support centralization of all actions in one federal district or separate centralization of the ERISA or securities actions in either the New Jersey district or the Eastern District of Louisiana.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising from allegations that Merck misrepresented and/or concealed the safety risks of Vioxx and that this conduct affected Merck's financial condition. Whether

---

[*] Judge Motz took no part in the decision of this matter.

[1] The New Jersey moving plaintiff sought 1407 centralization of three ERISA actions: two actions in the Eastern District of Louisiana and one action in the District of New Jersey. Merck's Section 1407 motion added sixteen additional actions: five ERISA and three securities actions in the District of New Jersey; four securities and two derivative actions in the Eastern District of Louisiana; and one securities action each in the Eastern and Western Districts of Pennsylvania. The three New Jersey securities actions and the two Pennsylvania securities actions have recently been voluntarily dismissed. Accordingly, the question of inclusion of these five actions in Section 1407 proceedings is moot.

The Panel has been informed that additional potentially related actions have recently been filed as follows: ten actions in the Eastern District of Louisiana, six actions in the District of New Jersey and one action in the Central District of Illinois. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

A CERTIFIED TRUE COPY

FEB 2 3 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

- 2 -

the actions be brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Merck, or participants in Merck retirement savings plans suing for ERISA violations, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary. *See In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, 196 F.Supp.2d 1375 (J.P.M.L. 2002).

While either the District of New Jersey or the Eastern District of Louisiana would have been an appropriate choice as transferee district for this docket, the Panel has selected the District of New Jersey, because i) documents and witnesses will likely be located there at Merck's New Jersey headquarters, and ii) the New Jersey district is relatively conveniently located for the parties and witnesses taken as a whole.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Stanley R. Chesler for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending there.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1658 -- In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation</u>

### Eastern District of Louisiana

*Frank Pringle, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-3125
*Ruth Ravnitsky, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:04-147
*Isaac Reiner, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:04-222
*Gail Lynn Stark, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:04-406
*Doris Staehr, etc. v. Raymond V. Gilmartin, et al.*, C.A. No. 2:04-721
*Halpert Enterprises, Inc., etc. v. Raymond V. Gilmartin, et al.*, C.A. No. 2:04-758
*Vincent P. Mullen, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:04-2716
*Denise Burtoft v. Merck & Co., Inc., et al.*, C.A. No. 2:04-2762

### District of New Jersey

*Robert Mortensen v. Merck & Co., Inc., et al.*, C.A. No. 3:04-4951
*Robert Cimato, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-4987
*Henry Douglas Horne, Jr., etc. v. Merck Co., Inc., et al.*, C.A. No. 3:04-5156
*Darrell W. Nelson v. Merck & Co., Inc., et al.*, C.A. No. 3:04-5260
*Zeph Ugwuneri v. Merck & Co., Inc., et al.*, C.A. No. 3:04-5397
*Andrew S. Zonay v. Merck & Co., Inc., et al.*, C.A. No. 3:04-5435