RECEIVED
NOV 15 2005
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC., SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 3:05-CV-01151-SRC-TJB |

**PRETRIAL ORDER NO. 2**
(Protective Order)

1. **SCOPE OF ORDER:** This Protective Order (the "Order") shall govern all documents, materials and information (including, but not limited to, all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) produced or disclosed through formal discovery procedures (including, but not limited to, disclosures under Rule 26 of the Federal Rules of Civil Procedure) ("Litigation Material") in the above-captioned litigation (the "Action"). "Party", as used herein, means a named plaintiff or defendant in one or more of the lawsuits in this Action. "Non-Party", as used herein, means any person who is not a Party and who produces any Litigation Material in this Action. This Order is intended to govern only pre-trial proceedings. The parties agree to meet and confer before or at the Pre-Trial Conference regarding how to handle Confidential Information at trial. This Order, however, will remain in effect until the parties reach agreement or until the Court enters a new order addressing the handling of Confidential Information at trial.

2. **CONFIDENTIAL INFORMATION:** At or prior to the time of production or disclosure, a Party or Non-Party may designate as CONFIDENTIAL any Litigation Material, or any portion thereof, produced or disclosed by or on behalf of that

1

Party or Non-Party that contains private personal information, including financial information, or that contains commercially, competitively or otherwise sensitive information, including confidential research or development information, or information subject to protection under applicable law or regulation ("CONFIDENTIAL INFORMATION").  A Party may also designate Litigation Material produced by any other Party or by any Non-Party as CONFIDENTIAL, provided that the designating party has a good faith basis for doing so, by providing written notice of said designation within fifteen (15) days of the last dated production of the relevant Litigation Material to any Party.  If the production is sufficiently voluminous, a Party may request the Court to grant additional time in which to provide written notice of designation as CONFIDENTIAL, or the Parties may agree to an extension by stipulation.

The Parties may not designate as CONFIDENTIAL any documents that are properly in the public domain or that have been disclosed to or made available to the public in the context of other VIOXX trials.  Documents that were previously designated CONFIDENTIAL but which are subsequently disclosed to or made available to the public in the context of other VIOXX trials shall lose their CONFIDENTIAL designation.

CONFIDENTIAL INFORMATION shall include any copy or other reproductions, excerpts, summaries, abstracts or other documents that paraphrase, excerpt or contain documents or portions of documents designated as CONFIDENTIAL.

CONFIDENTIAL INFORMATION shall be designated as such by stamping or labeling the pages of the document with the legend "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER", or by taking other

reasonable steps to so designate the information or documents, including identification of information at depositions. Designation of CONFIDENTIAL INFORMATION shall be made at or prior to the time of production for documents or, in the case of deposition transcripts and documents produced by Non-Parties, within thirty (30) days of receiving the deposition transcript or documents.

Until the designation period has elapsed for a given deposition transcript, that transcript shall be treated as CONFIDENTIAL INFORMATION and shall be subject to the provisions hereof. When information contained or incorporated in a deposition transcript is designated as CONFIDENTIAL, arrangements shall be made with the court reporter to label the relevant pages "CONFIDENTIAL".

3. **USE OF CONFIDENTIAL INFORMATION:** In the absence of written permission from the designating Party or Non-Party, or an order of this Court, CONFIDENTIAL INFORMATION shall be used solely for the purposes of this Action and shall not be used, made available, or disclosed for the purposes of any other litigation, judicial or administrative proceeding, dispute or case, or used for any commercial, business, competitive or other purpose.

CONFIDENTIAL INFORMATION shall not be made available, nor the contents thereof disclosed, to persons other than QUALIFIED PERSONS, as defined herein.

4. **QUALIFIED PERSONS:** QUALIFIED PERSONS, as used herein, shall include only the following:

(a) any court, mediator or arbitrator handling any aspect of this case, including their personnel, and court reporters and videographers transcribing or recording testimony at depositions or hearings;

(b) the named parties and their outside counsel in this Action, including contract attorneys, regularly or temporarily employed support personnel and outside vendors as reasonably incident to discovery and to the preparation for trial;

(c) in-house counsel for Merck & Co. Inc. ("Merck"), including regularly employed support personnel as necessarily incident to discovery and to the preparation for trial;

(d) outside consultants and/or experts engaged or used by a Party hereto for the purpose of this Action;

(e) outside or in-house counsel for insurance companies or other indemnitors of any party from which a Party claims coverage or that are providing coverage for claims;

(f) any person who authored or previously received the document or information either before or after its designation as "CONFIDENTIAL";

(g) potential witnesses, witnesses noticed for depositions and designated witnesses for trial, and their counsel in connection with their testimony or in preparation therefor;

(h) any other person agreed to in writing by counsel for the Party designating the materials as confidential, as necessarily incident to discovery and/or the preparation for trial of this matter.

5. **AGREEMENT BY QUALIFIED PERSONS:** CONFIDENTIAL INFORMATION shall not be made available to any QUALIFIED PERSON designated in 4(d)-(h) unless such QUALIFIED PERSON has first read this Protective Order and has agreed: (1) to be bound by the terms thereof; (2) to maintain the confidentiality of the

information and not to use or disclose it to anyone other than as provided therein; and (3) to utilize such information solely for the purpose of this Action. Persons identified in 4(d)-(h) shall also sign the certification attached hereto as Exhibit A. Clerical or other non-professional personnel need not sign the certification if their supervisors have done so, provided that the supervisors have communicated to the clerical or non-professional personnel under their supervision the nature of their obligations and responsibilities pursuant to this Order. This Protective Order shall bind counsel for each Party or Non-Party, his or her law firm, clerical and support personnel employed by such law firm, his or her co-counsel, and clerical and support personnel employed by such co-counsel.

Except as provided in paragraph 6 below, certifications are to remain strictly confidential. Counsel for each party shall maintain the certifications without giving copies to the other side. The parties expressly agree, and it is hereby ordered that, except in the event of a violation of this order, they will make no attempt to seek copies of the certifications or to determine the identities of persons signing them. If the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

Documents designated as CONFIDENTIAL by Merck may be shown to any witness while testifying, at deposition or otherwise, so long as the witness is first shown a copy of this Order and is advised of the confidentiality of the designated material, and the possibility of legal sanctions, including contempt of Court, for violating the Order.

6. **LIMITATIONS TO QUALIFIED PERSONS:** Defense counsel have provided Plaintiffs' counsel with a finite list of companies that Merck reasonably believes are developing and/or marketing a selective COX-2 inhibitor (the "COX-2 List"), attached hereto as Exhibit B. Such list may be updated by Merck from time to time. Before disclosing CONFIDENTIAL INFORMATION produced by Merck to any person who is a current employee of a company on the COX-2 List at the time of disclosure, the party wishing to make such disclosure to such person shall give at least seven (7) days advance notice in writing to Merck's counsel, indicating that Plaintiffs' counsel intends to disclose CONFIDENTIAL INFORMATION to an employee of a company on the COX-2 List at that time (but not which company) and the CONFIDENTIAL INFORMATION that Plaintiffs propose to disclose. If, within the seven-day period, a motion is filed objecting to the proposed disclosure, the designated document or information shall not be disclosed unless and until the Court denies the motion. Should this provision hinder or otherwise interfere with the retention of consultants or experts by a party, then that party may apply to the Court for relief from this provision. This provision shall not apply to the disclosure of documents to a person testifying at a deposition or otherwise.

7. **INADVERTENT DISCLOSURE:** If any document that a producing Party or Non-Party intends to designate as CONFIDENTIAL INFORMATION is inadvertently disclosed without being marked in accordance with this Order, the failure to so mark the document shall not be deemed a waiver of its confidentiality.

If any material designated as CONFIDENTIAL is disclosed, through inadvertence or otherwise, to an unauthorized person, then the disclosing person or entity shall use

reasonable efforts to (a) inform such unauthorized person of all the provisions of this Order and (b) request that the unauthorized person sign an acknowledgement of this Order. Any unauthorized person who does not sign the acknowledgment of this Order shall be identified promptly to the producing Party or Non-Party.

If a producing Party or Non-Party designates a document as CONFIDENTIAL that was previously produced without such a designation, the document shall be treated as CONFIDENTIAL from the time of designation and no penalties shall arise from use of the document prior to the CONFIDENTIAL designation.

8. **MODIFICATION OR OBJECTION TO DESIGNATION:** In the event that any Party objects to the designation of any material as CONFIDENTIAL INFORMATION, such Party may, in writing, request that the producing Party or Non-Party remove the "CONFIDENTIAL" designation. Such written request shall specifically identify the document(s) at issue and the reason for the request. The producing Party or Non-Party, by its counsel, shall respond in writing within ten (10) calendar days of receipt of the written request, or within such other period of time as may be designated by order of the Court or agreement of the parties. If the producing Party or Non-Party refuses to remove the "CONFIDENTIAL" designation, its written response shall state the reasons for this refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request. If the producing Party or Non-Party fails to respond to a request or refuses to remove the "CONFIDENTIAL" designation, any Party may, after fourteen (14) calendar days from a timely written response or refusal, or such other period of time as the parties may agree, file a motion for an order requiring that the producing Party or Non-Party remove the

"CONFIDENTIAL" designation. In the event of such a motion, the material at issue may be submitted to the Court for *in camera* inspection consistent with L. Civ. R. 5.3. The proponent of retaining the "CONFIDENTIAL" designation of the document shall have the burden of proof.

Notwithstanding any objection to the designation of material as CONFIDENTIAL INFORMATION, documents designated as CONFIDENTIAL INFORMATION shall be treated as such and shall be subject to the provisions hereof unless one of the following occurs: (a) the Party or Non-Party who designated the Litigation Material as CONFIDENTIAL INFORMATION gives written notice to all Parties of its intent to change or remove such designation; or (b) the Court orders the designating Party or Non-Party to change or remove such designation pursuant to a motion by the objecting Party.

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED LITIGATION MATERIAL:** In the event that there is an inadvertent production of Litigation Material including, but not limited to, material protected by the attorney-client privilege or the work product doctrine or other privilege or immunity from discovery ("Inadvertently Produced Privileged Material"), such production will not, and will not be deemed to, waive any privileges or protections applicable to such Inadvertently Produced Privileged Material or to any other documents or communications that would otherwise be protected by the attorney-client privilege, work product doctrine or other privilege or immunity from discovery. A Party or Non-Party may request the return of any material claimed to be Inadvertently Produced Privileged Material. Upon such request, the material shall be returned and logged on a privilege log. After such logging, challenges to the assertion of the privilege may be made. If a Party or Non-Party

requests the return, pursuant to this paragraph, of any material claimed to be Inadvertently Produced Privileged Material then in the custody of another Party or Non-Party or QUALIFIED PERSON, such other custodial Party or Non-Party or QUALIFIED PERSON shall within five (5) calendar days return to the requesting Party or Non-Party the Inadvertently Produced Privileged Material and all copies thereof or destroy it. If the material is produced via a hard drive or in another electronic form, such that it cannot be detached for return or definitively erased or destroyed, the recipient shall refrain from reviewing or using the material in any way, pending the logging of the material on a privilege log, and the resolution of any challenges to the assertion of the privilege. The Party or Non-Party or QUALIFIED PERSON returning such material shall not assert as a ground for entering an order compelling production of the Inadvertently Produced Privileged Material the fact or circumstances of the inadvertent production.

10. **NO WAIVER:** Nothing in this Protective Order shall prejudice the right of any Party or Non-Party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such rights. Moreover, nothing in this Protective Order shall prejudice the right of any Party to object to the admissibility at trial of any Litigation Material or other evidentiary material on any appropriate ground, and nothing herein shall be construed as a waiver of such right.

11. **PARTIES' OWN INFORMATION:** Nothing in this Order shall limit any producing Party's or Non-Party's use of its own documents or shall prevent any producing Party or Non-Party from disclosing its CONFIDENTIAL INFORMATION to any person. A Party or Non-Party may provide its own documents or CONFIDENTIAL

INFORMATION to government agencies without a request or subpoena from those agencies without violating any term of this Order. Such disclosures shall not affect any designation of such documents as CONFIDENTIAL pursuant to the terms of this Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

12. **OTHER DISCLOSURES:** Nothing contained herein shall prevent disclosure of CONFIDENTIAL INFORMATION to persons who are not QUALIFIED PERSONS under the terms of this Protective Order (a) if the designating Party or Non-Party consents to such disclosure; (b) if this Court, after notice of all affected persons, allows such disclosure; or (c) if the Party to whom CONFIDENTIAL INFORMATION has been produced thereafter becomes obligated to disclose the information in response to a subpoena or other legal process, provided that the subpoenaed Party gives written notice within two (2) business days of receipt of the subpoena to counsel for the designating Party or Non-Party and to counsel for all Parties and permits counsel for any Party or for the designating Party or Non-Party at least fourteen (14) calendar days, or in the event the subpoena is returnable in less than fourteen (14) calendar days, at least until the return date of the subpoena to intervene and seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued. Under such circumstances, the Party to whom CONFIDENTIAL INFORMATION has been produced may not disclose CONFIDENTIAL INFORMATION unless (1) the designating Party or Non-Party has not sought judicial protection or the entry of an appropriate protective order prior to the date that the CONFIDENTIAL INFORMATION is to be produced; or (2) the Court

denies any motion by the designating Party or Non-Party seeking a protective order. Nothing in this provision shall require a Party to disobey a court order or legal process.

13. **DOCUMENTS PRODUCED PRIOR TO ENTRY OF ORDER**: Prior to the date when this Protective Order is entered by this Court, disclosure of all non-public Litigation Material produced in this litigation by any Party or Non-Party shall be restricted to in-house counsel and counsel of record for the Parties to this litigation and to the Court (under seal) whether or not such Litigation Material is designated CONFIDENTIAL INFORMATION.

Following the entry of this Protective Order by the Court, only the Litigation Materials designated as CONFIDENTIAL INFORMATION, whether produced prior to or following the entry of this Protective Order by the Court, shall be treated as CONFIDENTIAL INFORMATION under the terms of the executed Protective Order.

14. **RELIEF FROM PROTECTIVE ORDER**: Entry of this Protective Order shall be without prejudice to the application by any Party or Non-Party (i) for relief from any restriction contained herein, or (ii) for any order compelling, modifying or further restricting the production, exchange or uses of or protection afforded to any Litigation Material produced, given or exchanged in the course of pretrial discovery in this Action. The Parties may amend or modify any provision of this Order by mutual agreement, which agreement shall be embodied in a written stipulation to be approved by the Court.

15. **COURT PROCEEDINGS**: All written submissions to the Court which contain CONFIDENTIAL INFORMATION shall be served to the parties (with a courtesy copy to the Court) on the dates set forth in previously determined schedules, but

11

shall not be filed on the same day. The designating Party shall have seven (7) days from the date of service to file a motion to seal or otherwise restrict public access to such CONFIDENTIAL INFORMATION. If a motion to seal or otherwise restrict public access to such CONFIDENTIAL INFORMATION is filed within the specified time, the submission shall remain sealed until such time as the motion is decided. If a motion to seal or otherwise restrict public access is not filed within 7 days from the date of service, the submissions which contain CONFIDENTIAL INFORMATION may be publicly filed with the Court.

Any Party that intends to read from a Confidential Document or to refer explicitly to information contained in a Confidential Document at a proceeding before the Court shall so state in Court immediately prior to actual disclosure so that Merck may have an opportunity to ask the Court to take such action as Merck believes is appropriate to protect such CONFIDENTIAL INFORMATION.

16.    **JURISDICTION:** The Court retains jurisdiction to amend, modify or enforce this Protective Order upon stipulation of the Parties to this Action, motion by a Party or Non-Party, or on its own motion.

17.    **SURVIVAL:** All the provisions of this Protective Order shall survive the conclusion of this Action, and shall continue to be binding after the conclusion of this Action unless subsequently modified by agreement among the Parties or further order of this Court. "Conclusion of this Action" shall mean the time when all appeal periods have expired and any settlement or judgment has become final.

18.    **RETURN OF CONFIDENTIAL INFORMATION:** The Parties shall assemble and return to each producing Party or Non-Party all originals and reproductions

12

of any Litigation Material containing information designated CONFIDENTIAL INFORMATION within ninety (90) calendar days of the conclusion of this Action, excluding (a) documents that have been filed with the Court; (b) documents that contain notes or other attorney work-product that may have been placed thereon or incorporated therefrom by the receiving Party; (c) transcripts; (d) exhibits; and (e) counsel's litigation files. Such retained privileged communications and work product and court-filed documents shall remain subject to the terms of this Protective Order. In lieu of returning Litigation Materials, a Party may destroy all Litigation Material covered by this Protective Order within ninety (90) calendar days of the conclusion of this Action, provided the Party electing to undertake such destruction certifies, upon request, to the designating Party or Non-Party in writing that it has made a reasonable and good faith effort to destroy the Litigation Material, and that it all has been destroyed to the best of its knowledge.

Litigation Material containing CONFIDENTIAL INFORMATION that has been filed with the Court or that contains attorney work-product of the receiving Party shall not be subject to any obligation to destroy or return as provided herein, but otherwise shall be handled according to the provisions of this Protective Order.

SO ORDERED:

DATED: November 15, 2005

_____
Hon. Tonianne J. Bongiovanni
United States Magistrate Judge

13

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC., SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 3:05-CV-01151-SRC-TJB |

I, _____, hereby certify that I have been given an opportunity to read the Protective Order entered in the United States District Court for the District of New Jersey in the actions entitled *In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation* (the "Action") and that I understand it and agree to be bound by its terms.

I agree that I will not at any time reveal or discuss the contents of the CONFIDENTIAL INFORMATION furnished to me in the course of this Action with anyone, except as expressly authorized by the Protective Order, or as otherwise required by the Court. I agree that any documents, materials or information furnished to me will be used by me only for the purposes of this Action and for no other purpose.

I further agree that in the event I am informed that I will have no further role in this Action, or at the conclusion of this Action, whichever is earlier, (i) I shall promptly destroy all CONFIDENTIAL INFORMATION or return it to the Party or counsel from whom I received it; and (ii) I shall maintain the confidentiality of all CONFIDENTIAL INFORMATION disclosed to me. I understand that violation of the terms of this Protective Order may subject me to criminal contempt and/or civil liability.

I hereby consent to the jurisdiction of the United States District Court for the District of New Jersey for the limited purpose of any proceedings to enforce the terms of this Protective Order.

Date: _____

_____
(Signature)

Name: _____

Business Address: _____

_____

**EXHIBIT B**

November 10, 2005

Pursuant to Paragraph 6 above, Merck provides the following list of companies that it reasonably believes are developing and/or marketing a selective COX-2 inhibitor:

Pfizer, Inc.
Novartis AG
GlaxoSmithKline plc
Laboratorios Salvat, S.A.
Sankyo, Co., Ltd.
J. Uriach & CIA, SA
Johnson & Johnson
Bristol Myers Squibb Co.