## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC., SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) |
| THIS DOCUMENT RELATES TO: THE CONSOLIDATED ERISA ACTION | Case No. 2:05-CV-01151-SRC-MAS<br>Case No. 2:05-CV-02369-SRC-MAS |

## <u>AMENDED PRELIMINARY APPROVAL ORDER</u>

WHEREAS:

A.      Plaintiffs Blossom Smith, Cynthia Campbell, and Robert Cimato (collectively, "Plaintiffs"), acting individually and on behalf of the Settlement Class and the Plans, and Merck & Co., Inc. ("Merck"), Edward M. Scolnick, H. Brewster Atwater, Jr., Marcia J. Avedon, Derek Birkin, Lawrence A. Bossidy, William G. Bowen, Erskine B. Bowles, Johnnetta B. Cole, William M. Daley, Caroline Dorsa, Lloyd C. Elam, Charles E. Exley, Jr., Carleton S. Fiorina, Niall FitzGerald, Kenneth C. Frazier, Raymond V. Gilmartin, William B. Harrison, Jr., William N. Kelley, Judy C. Lewent, Heidi G. Miller, Bradley T. Sheares, Thomas E. Shenk, Anne M. Tatlock, Samuel O. Thier, Dennis Weatherstone, Wendell P. Weeks, and Peter C. Wendell (collectively, the "Defendants"), have entered into a settlement of the claims asserted in the above-captioned class action (the "Action"), the terms of which are set forth in a Stipulation and Agreement of Settlement dated as of October 17, 2011 (the "Stipulation" or "Settlement");

B.      Plaintiffs and Defendants have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the settlement in accordance with the terms of the Stipulation, certification by the Court of a Settlement Class in

the Action for the Class Period October 1, 1998, through September 30, 2004, inclusive, solely for purposes of settlement and providing for notice to the Class; and

      C.     The Court having read and considered the Stipulation and exhibits thereto, including the proposed Notice of Proposed Settlement of Class Action (the "Notice") attached as Exhibit B of the Stipulation, the proposed Terms of Allocation attached as Exhibit A of the Stipulation, and finding that substantial and sufficient grounds exist for entering this Order;

      NOW, THEREFORE, IT IS HEREBY ORDERED:

      1.     The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation. Any inconsistencies between the Stipulation and the Notice will be controlled by the language of the Stipulation.

      2.     The Court has previously certified this case as a Class Action. For the purposes of settlement only, the definition of the Class is amended and is defined as "all current and former participants and beneficiaries of the Plans, other than Defendants, for whose individual accounts the Plans purchased and/or held shares of the Merck Common Stock Fund during the Class Period."

      3.     The Court preliminarily approves the Settlement of this Action on the terms set forth in the Stipulation as being fair, reasonable and adequate, subject to further consideration at a hearing to be held before this Court at 10:00 a.m. on November 29, 2011, at the Martin Luther King, Jr. Federal Building & United States Courthouse, 50 Walnut Street, Newark, NJ 07101 (the "Settlement Fairness Hearing") to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court; whether a judgment as provided in Section 10 of the Stipulation should be entered herein; and whether Class Counsel's application for an award of attorneys' fees and reimbursement of expenses should be granted.

4.  The Court approves the form, substance and requirements of the Notice, and finds that the procedures established for publication, mailing and distribution of such Notice substantially in the manner and form attached hereto as Exhibit 1 constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process and Federal Rule of Civil Procedure 23.

5.  The Parties shall cause the Notice, substantially in the form attached hereto as Exhibit 1, to be mailed, by first class mail, postage prepaid, or in the case of Settlement Class members who receive communications concerning their Merck retirement investments electronically in the ordinary course of business, by electronic mail, no later than forty-five (45) days before the Settlement Fairness Hearing, to all Settlement Class members at the address of each such person as set forth in the records of Merck, or who otherwise can be identified through reasonable efforts of Merck or the Allocation Administrator. The Parties shall, at or before the Settlement Fairness Hearing, file with the Court proof of distribution of the Notice.

6.  The Parties shall cause the Notice to be published on the internet at www.MerckERISAsettlement.com no later than forty-five (45) days before the Settlement Fairness Hearing. The Parties shall, at or before the Settlement Fairness Hearing, file with the Court proof of the internet publication of the Notice.

7.  The Allocation Administrator shall be responsible for the receipt of all responses from the Settlement Class and, until further order of the Court, shall preserve all entries of appearance and all other written communications from members of the Settlement Class, nominees or any other person in response to the Notices.

8.  The reasonable costs of notification to Settlement Class members, including printing, mailing and publication of all required notices, shall be paid out of the Settlement Amount.

9.     The Allocation Administrator is authorized and directed to undertake the actions contemplated by Paragraph 8 of the Stipulation prior to the Final Approval Hearing, including the payment of notice costs or reimbursement of any taxes and tax expenses out of the Settlement Fund and the preparation of tax returns, without further Order of the Court.

10.     Class Counsel shall submit papers in support of a Final Order approving the Settlement and their application for an award of attorneys' fees and expenses by no later than twenty-four (24) days prior to the date set for the Settlement Fairness Hearing.

11.     Any member of the Settlement Class may appear at the Settlement Fairness Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon; *provided, however,* that no member of the Settlement Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement and the Order to be entered approving the same unless no later than fourteen (14) days prior to the date set for the Settlement Fairness Hearing, such Settlement Class member has served by hand or by overnight delivery written objections and copies of any supporting papers and briefs upon each of the following:

Wayne T. Boulton
Izard Nobel LLP
29 South Main Street, Suite 215
West Hartford, CT 06107

*Chair of Lead Counsel Committee for Plaintiffs and the Settlement Class*

Martin L. Perschetz
Ronald E. Richman
Sung-Hee Suh
William H. Gussman, Jr.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022

*Counsel for Defendant Edward M. Scolnick*

Karin A. DeMasi
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

*Counsel for Defendants Merck, H. Brewster Atwater, Jr., Marcia J. Avedon, Derek Birkin, Lawrence A. Bossidy, William G. Bowen, Erskine B. Bowles, Johnnetta B. Cole, William M. Daley, Caroline Dorsa, Lloyd C. Elam, Charles E. Exley, Jr., Carleton S. Fiorina, Niall FitzGerald, Kenneth C. Frazier, Raymond V. Gilmartin, William B. Harrison, Jr., William N. Kelley, Judy C. Lewent, Heidi G. Miller, Bradley T. Sheares, Thomas E. Shenk, Anne M. Tatlock, Samuel O. Thier, Dennis Weatherstone, Wendell P. Weeks, and Peter C. Wendell*

and has filed said objections, papers and briefs, showing due proof of service upon Class Counsel and Defendants' Counsel with the Clerk of the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building & United States Courthouse, 50 Walnut Street, Room 4015, Newark, New Jersey 07101. Persons who intend to object to the Settlement and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may seek to call to testify and exhibits they may seek to introduce into evidence at the Settlement Fairness Hearing. Any Party has the right to object to any testimony or other evidence which a Person objecting to the Settlement seeks to introduce. If any Settlement Class member hires an attorney to represent him (at his own cost and expense), the attorney must file a notice of appearance with the Clerk of Court no

later than fourteen (14) days prior to the hearing on the Settlement Fairness Hearing or as the Court may otherwise direct, and serve a copy of such notice of appearance on all counsel for the Parties. The Parties shall file their responses no later than seven (7) days prior to the date set for the Settlement Fairness Hearing.

12.     Unless the Court otherwise directs, no member of the Settlement Class or other Person shall be entitled to object to the Settlement, or the Final Order to be entered herein, or otherwise be heard, except by serving and filing written objections as described above. Any Person who does not object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgment in the Action.

13.     The Court expressly reserves the right to adjourn the Settlement Fairness Hearing, or any adjournment thereof, without any further notice other than an announcement at the Settlement Fairness Hearing, or any adjournment thereof, and to approve the Stipulation with modification approved by the parties to the Stipulation and without further notice to members of the Settlement Class.

14.     Pending final determination of whether the Settlement should be approved by entry of a Final Order, Plaintiffs, all Settlement Class members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts the Settlement Class's claims against any Defendant.

15.     The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Settlement Amount shall be under the authority of this Court.

16.    The Court retains exclusive jurisdiction over the Action to consider all

further matters arising out of or connected with the Settlement.

Dated: _____

         Newark, New Jersey


                                        _____
                                        Honorable Stanley R. Chesler
                                        United States District Judge