# CRAVATH, SWAINE & MOORE LLP

STUART W. GOLD
JOHN W. WHITE
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
SUSAN WEBSTER

DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
SARKIS JEBEJIAN

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1422

DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK

LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA

SPECIAL COUNSEL

SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL

PAUL C. SAUNDERS

September 7, 2012

*In re Merck & Co., Inc. Securities, Derivative & ERISA Litigation*
The Consolidated Securities Action, No. 05-CV-02367

Dear Judge Chesler:

We represent Defendants (other than Dr. Scolnick) in the above-captioned action.[1] We respectfully submit this supplemental letter in further support of Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification (the "Opposition Brief" to the "Motion for Class Certification") in order to address the impact that this Court's August 29, 2012 Opinion and Order on Defendants' motion for judgment on the pleadings (the "August 29 Opinion") has on the Motion for Class Certification.

In its August 29 Opinion, the Court dismissed as inactionable certain of Plaintiffs' claims based on alleged misstatements that were factual recitations of past earnings, expressions of optimism concerning financial growth (*i.e.*, puffery), and/or forward-looking statements. As Defendants noted in their Opposition Brief to the Motion for Class Certification, Defendants' motion for judgment on the pleadings, if granted, would dispose of Plaintiffs' claims under the Securities Act of 1933 (the "Securities Act") in their entirety:

> This Court need not even reach the class certification question, because all of the alleged misstatements underlying Plaintiffs' Securities Act claims are inactionable and subject to Defendants' pending motion for judgment on the pleadings. (*See* Dkt. No. 322.) *First*, the Court has already held that the alleged misstatements in the 2002 Registration Statement regarding Vioxx are inactionable. *See In re Merck*, 2011 WL 3444199, at *24. Nearly identical statements are repeated in the 2002 and 2004 Prospectuses, which similarly "merely report past successes . . .

---

[1] Defendant Dr. Edward M. Scolnick, who is separately represented, joins in this letter.

and convey no inaccurate or misleading information about Vioxx's commercial strength based on its safety profile." *Id.*; (*see* Compl. ¶¶ 465, 467). *Second*, Plaintiffs allege that the Offering Documents contain material misstatements because they incorporate by reference certain alleged misstatements in Merck's Form 10-Q and Form 10-K filings—specifically, Merck's Form 10-K from 2001, 2002, and 2003, as well as Merck's Form 10-Q from the First, Second, and Third Quarters of 2002 and 2003, and the First and Second Quarters of 2004. (*See* Compl. ¶¶ 461, 464, 466; *see also* Ex. 23 at 2; Ex. 24 at 2; Ex. 25 at 2.) However, Defendants' pending motion for judgment on the pleadings seeks to dismiss as inactionable all of the allegations regarding the Form 10-Q and Form 10-K filings that were incorporated by reference into the Offering Documents. (*See* Dkt. No. 322 (seeking dismissal of ¶¶ 279, 316, 327, 334, 339, 344, 349, 352, 360, 363, 369, and 372, wherein ¶ 327 contains all of the alleged misstatements underlying the allegations in ¶ 331, the paragraph that concerns Merck's First Quarter 2002 Form 10-Q).) Thus, Defendants' pending motion for judgment on the pleadings should independently dispose of all of Plaintiffs' Securities Act claims.

(*See* Opp'n Br. 31 n.24; *see also* Opp'n Br. App. A at 2-5.) Having now granted Defendants' motion for judgment on the pleadings in relevant part, this Court effectively dismissed Plaintiffs' Securities Act claims, thereby mooting any motion for class certification with respect to those claims.

Plaintiffs' Securities Act claims are based on alleged misstatements contained or incorporated in three securities offering documents: (1) the April 26, 2002 Registration Statement, (2) the April 30, 2002 Prospectus, and (3) the June 10, 2004 Prospectus (the "Offering Documents"). (*See, e.g.*, Compl. ¶ 23.) As explained below, all of the alleged misstatements contained or incorporated in the Offering Documents either (i) have been expressly dismissed by the Court as inactionable or (ii) are identical or nearly identical to alleged misstatements that have been dismissed.

*First*, with respect to the statements contained in the Offering Documents, the Court has already held that the alleged misstatements in the 2002 Registration Statement regarding Vioxx are inactionable. *See In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*, No. 05-2367, 2011 WL 3444199, at *24 (D.N.J. Aug. 8, 2011). Identical or nearly identical statements are repeated in the April 30, 2002 and June 10, 2004 Prospectuses, which similarly "merely report past successes . . . [and] convey no inaccurate or misleading information about Vioxx's commercial strength based on its safety profile." *Id.*; (*see* Compl. ¶¶ 462, 465, 467). As such, none of the statements contained in any of the Offering Documents can form the basis of a Securities Act claim.

*Second*, the Offering Documents incorporate by reference various of Merck's Form 10-Q and Form 10-K filings—specifically, Merck's 10-Ks from 2001, 2002 and 2003, as well as Merck's 10-Qs from the First, Second and Third Quarters of 2002 and 2003, and the First and Second Quarters of 2004. (*See* Compl. ¶¶ 461, 464, 466.) Paragraphs 316, 331, 334, 339, 344, 349, 352, 360, 363, 369, and 372 of the Corrected Consolidated Fifth Amended Class Action Complaint identify the alleged misstatements in those filings. The Court's August 29 Opinion dismissed as inactionable the statements recited in all of those paragraphs except for

Paragraph 331—against which Defendants did not explicitly move—which contains allegations regarding alleged misstatements from Merck's First Quarter 2002 Form 10-Q. (*See* Aug. 29 Op. at 8 n.6, 11 n.8, 12 n.9.) Paragraph 331, however, merely alleges that Merck's First Quarter 2002 Form 10-Q "contained substantially the same materially false and misleading statements concerning the purported success and safety of VIOXX that were made in the Company's April 18, 2002 press release" (Compl. ¶ 331 (referencing ¶ 327))—and this Court's August 29 Opinion held that the statements that Plaintiffs quote from Merck's April 18, 2002 press release are inactionable. (*See* Aug. 29 Op. at 8 n.6, 11 n.8 (dismissing ¶ 327).) Thus, the Court has already held that none of the statements incorporated by reference into the Offering Documents can support a Securities Act claim.

Accordingly, Defendants respectfully submit that the Court's August 29 Opinion compels the dismissal of Plaintiffs' Securities Act claims in their entirety, and therefore, provides an additional, independent reason why a class cannot properly be certified to assert claims under the Securities Act.

Respectfully submitted,

Robert H. Baron


Honorable Stanley R. Chesler, U.S.D.J.
  United States District Court
    District of New Jersey
      Martin Luther King, Jr. Federal Building
      & U.S. Courthouse
        50 Walnut Street
          Newark, NJ 07101

VIA ELECTRONIC FILING

Copies to:

David A. P. Brower, Esq.
  Brower Piven
    A Professional Corporation
      488 Madison Avenue, Eighth Floor
        New York, New York 10022

Salvatore J. Graziano, Esq.
  Bernstein Litowitz Berger & Grossmann LLP
    1285 Avenue of the Americas
      New York, NY 10019

Mark Levine, Esq.
Stull, Stull & Brody
6 East 45th Street, 5th Floor
New York, NY 10017

Richard H. Weiss, Esq.
Milberg LLP
One Pennsylvania Plaza
New York, NY 10119

Paul B. Brickfield, Esq.
Brickfield & Donahue
70 Grand Avenue
River Edge, NJ 07661

James E. Cecchi, Esq.
Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein
5 Becker Farm Road
Roseland, NJ 07068

Alfred C. Decotiis, Esq.
Decotiis, Fitzpatrick & Cole LLP
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, NJ 07666

Geoffrey C. Jarvis, Esq.
Grant & Eisenhofer P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017

John A. Kehoe, Esq.
Kessler Topaz Meltzer & Check LLP
280 King of Prussia Road
Radnor, PA 19087

William H. Gussman, Jr., Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

Eric S. Parnes, Esq.
Hughes Hubbard & Reed LLP
1775 I Street, NW
Washington, DC 20006

VIA EMAIL PDF