UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE MERCK & CO., INC. SECURITIES, : 
DERIVATIVE & "ERISA" LITIGATION  :        **MDL No. 1658 (SRC)**
                                  :
                                  :
_____    :        **Civil Action No. 05-1151 (SRC)**
                                  :        **Civil Action No. 05-2367 (SRC)**
THIS DOCUMENT RELATES TO: THE     :
CONSOLIDATED SECURITIES ACTION    :
                                  :        **ORDER**
                                  :
_____    :

**CHESLER**, District Judge

This matter having come before the Court on Lead Plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23(b)(3) [docket entry 301 in Civil Action 05-1151; docket entry 319 in Civil Action No. 05-2367]; and Defendants having opposed the motion; and the Court having proceeded to consider the motion based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78; and for the reasons expressed in the Opinion filed herewith; and good cause shown,

**IT IS** on this 30th day of January, 2013,

**ORDERED** as follows:

1. Plaintiffs' motion for class certification pursuant to Rule 23(b)(3) be and hereby is **GRANTED**.

2. Pursuant to Rule 23(b)(3), the Court certifies the following class:

All persons and entities who, from May 21, 1999 to September 29, 2004, inclusive (the "Class Period"), purchased or otherwise acquired Merck & Co., Inc. ("Merck") common stock or call options, or sold Merck put options (the "Class"). Excluded from the Class are Defendants; Merck's affiliates and subsidiaries; the officers and directors of Merck and its subsidiaries and affiliates at all relevant times; members of the immediate family of any excluded person; the legal representatives, heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person or entity has or had a controlling interest.

3. The Court certifies the following claims, as asserted in the Corrected Consolidated Fifth Amended Class Action Complaint and as limited by prior decisions of this Court dismissing portions of Plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c):

    a.    Count I: violations of § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against Merck, Edward Scolnick and Alise Reicin;

    b.    Count II: violations of § 20(a) of the Exchange Act against each of the Officer Defendants (Scolnick, Reicin, Raymond Gilmartin, Peter Kim, Judy Lewent, Kenneth Frazier, David Anstice, Richard Henriques and Per Wold-Olsen);

    c.    Count III: violations of §§ 10(b) and 20A of the Exchange Act and Rule 10b-5 promulgated thereunder for insider trading against Scolnick.

4. Pursuant to Rule 23(c)(1)(B), the Court identifies the following issues to be treated on a class basis:

    a.    With regard to Count I's claim for violation of Exchange Act § 10(b):

        1)    Whether Defendants made false statements and/or omissions with

regard to the safety profile of Vioxx;

2)   Whether such statements and/or omissions related to material facts;

3)   Whether such statements and/or omissions were made with the requisite scienter;

4)   Whether Class members relied on such statements and/or omissions in connection with their respective transactions in Merck securities during the Class Period;

5)   Whether such misrepresentations and/or omissions resulted in "loss causation;" and

6)   The economic loss suffered by the Class as a whole.

b.   With regard to Count II's claim for violation of § 20(a) of the Exchange Act:

1)   Whether each Officer Defendant exerted control over Merck within the meaning of the statute;

2)   Whether Merck committed a primary violation of § 10(b) and Rule 10b-5; and

3)   Whether each Officer Defendant was a culpable participant in the § 10(b) violation.

c.   With regard to Count III's claim for violation § 20A:

1)   Whether Scolnick committed an underlying violation of § 10(b) of the Exchange Act;

2)   Whether Scolnick traded in Merck securities contemporaneously

with members of the Class; and

3)      Whether Scolnick was in possession of material, nonpublic information at the time of the contemporaneous trade.

5.  The Court appoints MPERS, Steven Le Van, Jerome Haber and Richard Reynolds representatives of the Class.

6. Pursuant to Rule 23(g), the Court appoints the following law firms as Class Counsel: Bernstein Litowitz Berger & Grossmann LLP; Brower Piven, A Professional Corporation; Milberg LLP; and Stull, Stull & Brody.

<div style="margin-left:50%">

   s/ Stanley R. Chesler   
STANLEY R. CHESLER
United States District Judge

</div>