**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) |
| | Civil Action No. 05-1151 (SRC) |
| | Civil Action No. 05-2367 (SRC) |
| THIS DOCUMENT RELATES TO: THE CONSOLIDATED SECURITIES ACTION | **OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court on the motion for an appeal bond by Plaintiffs the Public Employees' Retirement System of Mississippi, Steven Le Van, Jerome Haber and Richard Reynolds (collectively, "Lead Plaintiffs.") For the reasons that follow, the motion will be granted in part and denied in part.

On June 28, 2016, this Court entered a Judgment approving the terms of a Class Action Settlement, as well as a stipulation of dismissal, thus concluding this long-running case. Objector Michael J. Rinis ("Rinis") timely filed a notice of appeal.[1] Lead Plaintiffs then filed the instant motion, asking the Court to order the appealing Objectors to post an appeal bond. Because Brown's appeal has been dismissed by the Third Circuit, as to Brown only, the motion for an appeal bond will be denied as moot. This Court now considers the motion as to Objector Rinis.

Lead Plaintiffs ask that the Court Order Rinis to post an appeal bond in the amount of

---

[1] A timely notice of appeal was also filed by Objector Jeff M. Brown. On August 23, 2016, the Third Circuit dismissed Brown's appeal for failure to pay the filing fee.

$55,000.00. Lead Plaintiffs contend that the appeal is meritless and that Rinis is a professional objector to class action settlements, and they ask that an appeal bond be Ordered to protect Lead Plaintiffs from the costs incurred as a result of the appeals process. Lead Plaintiffs estimate copying and record-compilation costs of $5,000.00, and ask for an additional $50,000.00 bond to cover the administrative costs of the delay associated with an appeal.

In opposition, Rinis argues that there is no published case in the Third Circuit which approves including the administrative costs of delay in the appeal bond. Rinis observes, correctly, that the Third Circuit decision cited by Lead Plaintiffs, In re Nutella Mktg. & Sales Practices Litig., 589 Fed. Appx. 53 (3d Cir. 2014), is not precedential. Rinis asks that the appeal bond be set at $2,500.00.

Rule 7 of the Federal Rules of Appellate Procedure states: "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." The determination of the amount of the appeal bond is a matter entrusted to the discretion of the district court. Adsani v. Miller, 139 F.3d 67, 79 (2d Cir. 1998); Sckolnick v. Harlow, 820 F.2d 13, 15 (1st Cir. 1987).

This Court finds persuasive the reasoning employed by Judge Coates in setting the appeal bond in In re GE Co. Secs. Litig., 998 F. Supp. 2d 145, 150 (S.D.N.Y. 2014). Judge Coates began by observing that the Second Circuit had not decided whether settlement administration expenses may be included in a bond under Appellate Rule 7. Id. Judge Coates found no justification for interpreting the meaning of "costs" in Appellate Rule 7 so as to exclude settlement administration expenses. Id. at 157. Judge Coates then considered three factors in order to determine whether a bond pursuant to Appellate Rule 7 should be imposed: 1) the appellant's financial ability to post the bond; 2) whether the appeal is frivolous; and 3) whether

2

the appellant has engaged in vexatious or bad faith conduct.  Id. at 153.

Applying these factors to the instant case, as to the first factor, Rinis does not contend that he lacks the financial ability to post the bond.  As to the second factor, the opposition brief filed by Rinis makes clear that he seeks appellate review of the class counsel's attorney's fee.  As Lead Plaintiffs contend, this Court appointed a Special Master to issue a Report and Recommendation on the settlement, specifically on the issue of attorney's fees, and the Special Master filed a Report on June 3, 2016.  (Docket Entry No. 1012 in Civil Action No. 05-2367.) The Special Master considered all the submitted objections on the issue of attorney's fees, and concluded that none of the objections were "substantial." (Special Master's Report at 13.)  As Lead Plaintiffs point out, this Court's Order appointing the Special Master, filed February 11, 2016, gave parties a period of ten days after the filing of the Special Master's Report to file objections. (Docket Entry No. 952 in Civil Action No. 05-2367 at ¶ 6(A).)  The Order further states that failure to file a timely objection will result in "permanent waiver of any objection" to the Special Master's Report.  (Id.)    Rinis did not file any objection to the Special Master's Report.  The pursuit of an appeal to the Third Circuit over an objection which has been permanently waived in the district court is appropriately considered frivolous.

As to the third factor, Lead Plaintiffs contend – and Rinis does not dispute – that Rinis or related entities have filed at least 24 objections to class action settlements.[2]  This Court finds that the pursuit of a meritless appeal by a litigant who is a serial objector to class action settlements indeed likely qualifies as vexatious conduct.

---

[2] Lead Plaintiffs cite In re TFT-LCD (Flat Panel) Antitrust Litig., 2011 WL 7575004, at *3 (N.D. Cal. Dec. 27, 2011), which states: "Mr. Rinis appears to be a 'serial objector' who has filed objections in at least 21 class action settlements in federal courts."

This Court agrees with Judge Coates' policy rationale for requiring a serial objector to class action settlements to post an appeal bond covering the administrative costs of delay to the class:

> Repeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. The larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal). Because of these economic realities, professional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose behalf the appeal is purportedly raised, gains nothing.
>
> Under these circumstances, Fed. R. App. P. 7 makes perfect sense: by requiring objectors to post a bond that would cover the costs of losing the appeal, the burden of litigating frivolous appeals shifts to them instead of to the class. Posting a bond sufficient to ensure that the class can recoup the costs of appeal provides the class with an appropriate incentive to litigate the appeals and establish their lack of merit. And if the appeal turns out not to be frivolous despite initially appearing so, the objectors will get almost the entirety of their bond back.

998 F. Supp. 2d at 152 (quoting Barnes v. Fleetboston Fin. Corp., No. 01-10395 (NG), 2006 U.S. Dist. LEXIS 71072, 2006 WL 6916834, at *1 (D. Mass. Aug. 22, 2006)).

Based on its consideration of these three factors, this Court concludes that Lead Plaintiff's motion will be granted, as to Rinis. The appeal bond shall include copying and record-compilation costs of $5,000.00, and an additional $50,000.00 bond to cover the administrative costs of the delay associated with an appeal.

For these reasons,

**IT IS** on this 14th day of September, 2016,

**ORDERED** that Lead Plaintiff's motion for an appeal bond (Docket Entry No. 1047 in Civil Action No. 05-2367) is hereby **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Brown, the motion is **DENIED** as moot; and it is further

**ORDERED** that, as to Rinis, the motion is **GRANTED** and, pursuant to Federal Rule of Appellate Procedure 7, Objector Rinis must post an appeal bond in the amount of $55,000.00 within 14 days of the date of entry of this Order.

    s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.