<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) |
| | Civil Action No. 05-1151 (SRC) |
| | Civil Action No. 05-2367 (SRC) |
| THIS DOCUMENT RELATES TO: THE CONSOLIDATED SECURITIES ACTION | **OPINION & ORDER** |

**<u>CHESLER</u>**, District Judge

This matter comes before the Court on the motion by Objector Michael J. Rinis ("Rinis") for reconsideration of this Court's Opinion and Order entered September 14, 2016 (the "Opinion and Order.")  For the reasons that follow, the motion will be denied.

In the Opinion and Order, this Court granted in part Lead Plaintiff's motion for an appeal bond and Ordered Rinis to post an appeal bond in the amount of $55,000.00 within 14 days. Rinis moves for reconsideration of this Order.  Lead Plaintiffs have opposed the motion for reconsideration and asked the Court to rule on an expedited basis.  Defendants filed a letter stating that they take no position on the motion.

In the Opinion and Order, this Court stated: "The pursuit of an appeal to the Third Circuit over an objection which has been permanently waived in the district court is appropriately considered frivolous." (Opinion and Order at 3.)  Rinis argues, in short, that this Court erred in its conclusion that his appeal was frivolous because, *inter alia*, his objection was permanently waived in the district court.

Rinis moves for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60. "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). Rule 60(b) states:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Rinis has not persuaded this Court that he is entitled to reconsideration or relief from judgment on any ground. The motion for reconsideration fails to set forth anything which this Court overlooked; there is no new evidence; there has been no intervening change in controlling law; and so forth. Moreover, even if Rinis is correct that failing to object to the master's report did not waive his fee objection, the record before this Court nevertheless supports a finding that the appeal is frivolous. There is no basis for reconsidering or changing this judgment. The motion for reconsideration will be denied.

For these reasons,

**IT IS** on this 12th day of October, 2016,

**ORDERED** that Rinis' motion for reconsideration (Docket Entry No. 912 in Civil Action No. 05-1151) is hereby **DENIED**.

                                                                             s/Stanley R. Chesler
                                                                    STANLEY R. CHESLER, U.S.D.J.