**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE MERCK & CO., INC. SECURITIES, DERIVATIVE & "ERISA" LITIGATION | : : : : | MDL No. 1658 (SRC) |
| | : : | Civil Action No. 05-1151 (SRC) Civil Action No. 05-2367 (SRC) |
| THIS DOCUMENT RELATES TO: THE CONSOLIDATED SECURITIES ACTION | : : : : : | **OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Objector Michael J. Rinis ("Rinis") for an indicative ruling, pursuant to Federal Rule of Civil Procedure 62.1, regarding accepting a limited remand to reconsider this Court's Order and Judgment of June 28, 2016, which approved the class action settlement (the "Order and Judgment.") For the reasons that follow, the motion will be denied.

In the Order and Judgment, this Court gave full and final approval to the class action settlement. On July 28, 2016, Rinis filed an appeal of the Order and Judgment to the United States Court of Appeals for the Third Circuit, where it remains pending. On November 17, 2016, Rinis filed the instant motion.

In the instant motion, Rinis contends that he has "newly discovered evidence concerning a potential kickback scheme and related to the adequacy of representation in the Merck Settlement." (Rinis Br. 4.) This evidence comes from a complaint filed in <u>Bernstein v. Bernstein Litowitz Berger & Grossmann LLP</u>, No. 14 Civ. 6867 (S.D.N.Y.) Rinis asks, pursuant

to Federal Rule of Civil Procedure 62.1, that this Court indicate to the Court of Appeals that this motion raises a substantial issue, enabling a limited remand from the Third Circuit to consider the motion for reconsideration. Rule 62.1 states:

> Rule 62.1. Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal
>
> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>   (1) defer considering the motion;
>   (2) deny the motion; or
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Rinis seeks an indicative ruling pursuant to Rule 62.1(a)(3), with the aim of getting a limited remand from the Third Circuit so that this Court may reconsider the Order and Judgment, pursuant to Rule 60(b), based on the alleged newly discovered evidence. Thus, Rinis contemplates a two-step process: 1) this Court makes an indicative ruling that this motion raises a substantial issue; and 2) after the Third Circuit allows a limited remand, this Court entertains the motion to reconsider the Order and Judgment approving the class action settlement.

Plaintiffs, in opposition, argue that the motion for an indicative ruling should be denied on several grounds. First, Plaintiffs contend that the Rule 60(b) motion for reconsideration cannot succeed. Plaintiffs cite the Third Circuit's decision in Bohus v. Beloff, which states:

> The movant under Rule 60(b) bears a heavy burden, which requires more than a showing of the potential significance of the new evidence. We view Rule 60(b) motions as extraordinary relief which should be granted only where extraordinary justifying circumstances are present.

Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) (citations omitted). Plaintiffs assert that Rinis cannot meet that standard.

Plaintiffs also point to the language of Rule 60(b)(2), which allows the Court to give

2

relief from a final judgment because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 59(b) states: "A motion for a new trial must be filed no later than 28 days after the entry of judgment." Therefore, Plaintiffs contend, because of the operation of Rules 60(b)(2) and 59(b), if the Third Circuit did remand this case for this Court to decide the motion for reconsideration, one ultimate question would be whether Rinis has presented newly discovered evidence that, with reasonable diligence, could not have been discovered prior to July 26, 2016.

There is no dispute that the evidence Rinis considers newly discovered became publicly available on March 18, 2016, when the Second Circuit ordered that the record of the district court proceedings be unsealed. Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132 (2d Cir. 2016). One ultimate question will be, then, whether, with reasonable diligence, Rinis could have discovered that evidence in the four-month period that ran between March 18 and July 26, 2016. The moving brief from Rinis does not address this issue. In the reply brief, Rinis contends that "Objector's duty to discover the Bruce Bernstein Retaliation Suit in the Second Circuit can be clearly seen as outside the ambit of reasonable diligence." (Rinis Reply Br. 5.)

Rinis' "clearly seen" argument fails because it does not engage the precise language of Rule 60(b)(2). The Rule allows the Court to give relief from a final judgment because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Thus, to succeed under Rule 60(b)(2), Rinis must persuade this Court that Bernstein "could not have been discovered" in the four-month period that ran between March 18 and July 26, 2016. Rinis has not argued that Bernstein could not have been discovered by July 26, 2016. He has offered this Court no basis to conclude that

3

Bernstein could not have been discovered in time to move for a new trial under Rule 59(b). Indeed, as Plaintiffs observe, both Forbes and USA Today discovered and publicized the Bernstein case well before July 26, 2016.  (Pls.' Opp. Br. 5.)

Furthermore, Plaintiffs note that the Eleventh Circuit has held that "[e]vidence that is contained in the public records at the time of trial cannot be considered newly discovered evidence."  Scutieri v. Paige, 808 F.2d 785, 794 (11th Cir. 1987).  Plaintiffs cite a number of district court cases that agree.  See, e.g., Messner v. USA Techs., Inc., 2016 U.S. Dist. LEXIS 127041, *11 (E.D. Pa. Sept. 19, 2016) (citing Scutieri.)

Lastly, as Plaintiffs also observe, Mr. Bernstein himself voluntarily dismissed the complaint that alleged the kickback scheme.  He also issued a statement, dated February 19, 2015, stating that, in the course of the case, "I received information that seriously challenges my claims. . . [T]he information presents insurmountable factual and legal challenges to my ability to recover . . ." (Pls.' Opp. Br. Ex. A.)  This provides additional support for this Court's determination that Rinis, relying on the Bernstein evidence, cannot meet the standard set forth in Rule 60(b)(2).

Rinis has not persuaded this Court that, were this case to be remanded to this Court for adjudication of the motion for reconsideration, Rinis could meet the requirements of Rule 60(b)(2).  Nor has Rinis persuaded this Court that, as Bohus requires, he is entitled to extraordinary relief because extraordinary justifying circumstances are present.  As such, this Court cannot conclude that the present motion for an indicative ruling raises a substantial issue. The motion for an indicative ruling is denied.

For these reasons,

**IT IS** on this 23rd day of December, 2016,

4

**ORDERED** that Rinis' motion for an indicative ruling (Docket Entry No. 931 in Civil Action No. 05-1151) is hereby **DENIED**.

                                                                 s/Stanley R. Chesler
                                                STANLEY R. CHESLER, U.S.D.J.